IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HOPKINS, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| SANDERSON FARMS, INC., FRED | : SECURITIES EXCHANGE ACT OF 1934 |
| BANKS, JR., DAVID BARKSDALE, JOHN | : |
| BIERBUSSE, LAMPKIN BUTTS, MIKE | : |
| COCKRELL, TONI D. COOLEY, | : |
| BEVERLY HOGAN, EDITH KELLY- | : |
| GREEN, PHIL K. LIVINGSTON, | : |
| SUZANNE MESTAYER, SONIA PEREZ, | : |
| GALL JONES PITTMAN, and JOE F. | : |
| SANDERSON, JR., | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On August 8, 2021, Sanderson Farms, Inc. ("Sanderson Farms" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Walnut Sycamore Holding LLC ("Parent"), Wayne Farms LLC ("Wayne Farms"), and Sycamore Merger Sub LLC ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Sanderson Farms' stockholders will receive $203.00 in cash per share.

3. On September 13, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Sanderson Farms common stock.

9. Defendant Sanderson Farms is a Mississippi corporation. Sanderson Farms' common stock is traded on the NASDAQ under the ticker symbol "SAFM."

10. Defendant Joe F. Sanderson is Chief Executive Officer and Chairman of the Board of Directors of Sanderson Farms (the "Board").

11. Defendant Fred Banks, Jr. is a member of the Board.

12. Defendant David Barksdale is a member of the Board.

13. Defendant John Bierbusse is a member of the Board.

14. Defendant Lampkin Butts is President, Chief Operating Officer, and a member of the Board.

15. Defendant Mike Cockrell is Treasurer, Chief Financial Officer, and a member of the Board.

16. Defendant Toni D. Cooley is a member of the Board.

17. Defendant Beverly Hogan is a member of the Board.

18. Defendant Edith Kelly-Green is a member of the Board.

19. Defendant Phil K. Livingston is a member of the Board

20. Defendant Suzanne Mestayer is a member of the Board.

21. Defendant Sonia Perez is a member of the Board.

22. Defendant Gail Jones Pittman is a member of the Board.

23. Defendants identified in ¶¶ 10-22 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

24. Sanderson Farms is engaged in the production, processing, marketing and distribution of fresh, frozen and minimally prepared chicken.

25. On August 8, 2021, Sanderson Farms entered into the Merger Agreement.

26. The press release announcing the Proposed Merger provides as follows:

Cargill, Continental Grain Company, and Sanderson Farms, Inc. (NASDAQ: SAFM) announced today they have reached a definitive agreement for a joint venture between Cargill and Continental Grain to acquire Sanderson Farms for $203 per share in cash, representing a total equity value for Sanderson Farms of $4.53 billion. The purchase price represents a 30.3% premium to Sanderson Farms' unaffected share price of $155.74 on June 18, 2021, the last full trading day prior to media speculation about the potential sale of Sanderson Farms; a 22.8% premium to the Sanderson Farms 30-day volume weighted average price ("VWAP") as of June 18, 2021, and a 15.2% premium to the all-time high share price as of June 18, 2021. Upon completion of the transaction, Cargill and Continental Grain will

combine Sanderson Farms with Wayne Farms, a subsidiary of Continental Grain, to form a new, privately held poultry business.

The combination of Sanderson Farms and Wayne Farms will create a best-in-class U.S. poultry company with a high-quality asset base, complementary operating cultures, and an industry-leading management team and workforce. The new company will be well positioned to enhance its service to customers across retail and food service and drive organic growth in an industry fueled by affordability and key consumer trends around the health, sustainability, and versatility of chicken.

"Since my grandfather founded Sanderson Farms 75 years ago, our many significant achievements have been driven by our commitment to providing the very best chicken products in a profitable manner that benefits each of the constituents who contribute to our success. This transaction is the culmination of that commitment, as it delivers a significant value to our stockholders, reflecting the dedication of our team, and our best-in-class assets, quality products, efficient and sustainable operations, and respected brand," said Joe Sanderson, Chairman and Chief Executive Officer of Sanderson Farms, Inc. "We are proud to be joining with Cargill and Continental Grain and we are confident that they will be strong stewards of the Sanderson Farms team, brand and assets going forward. As part of the newly created company, Sanderson Farms and its new owners will remain committed to the employees, poultry producers, customers, communities, environment, and animals under our care, and to continuing to deliver the highest quality products and the best service in our industry to our customers."

"We are very happy to partner with Cargill with whom we have had a decades-long relationship between two family-owned companies. Sanderson Farms' operations, best-in-class assets and valuable brand have underscored their success, and we have the highest respect for Joe Sanderson, and the business and team he has built as the third generation CEO," said Paul Fribourg, Chairman and CEO of Continental Grain. "Wayne Farms has been one of the most important and successful parts of Continental Grain for almost 60 years, so bringing together two great partners with two great poultry companies will ensure good things for our customers, our grower partners, and our employees."

The new company will have state-of-the-art operations and will continue to invest in its workforce and in employee safety. Operations will include poultry processing plants and prepared foods plants across Alabama, Arkansas, Georgia, Louisiana, Mississippi, North Carolina, and Texas.

"At Cargill, we are committed to nourishing the world in a safe, responsible and sustainable way," said David MacLennan, Chairman and CEO of Cargill. "Expanding our poultry offerings to the U.S. is a key enabler of our ability to meet customer and consumer demands. With these great businesses, and our strong partnership, we believe we will deliver a superior portfolio of products and services to our customers."

Cargill expects to support the new joint venture with its longstanding relationships with retail and foodservice customers. Wayne Farms, part of Continental Grain's food, agriculture and commodities investment portfolio since 1965, has roots in the poultry industry that go back more than a century.

Cargill, Continental Grain, and Sanderson Farms are committed to ensuring operational excellence, workplace safety, and the highest quality of product for the U.S. poultry industry.

Cargill and Continental Grain have long histories of investing and partnering with American farmers and are dedicated to strengthening the food and agriculture industries for the benefit of consumers and growers. Their shared culture, built on the principles of supporting farmers and communities, complements Sanderson Farms' reputation as one of the industry's most respected operators. Sanderson Farms' strong brand, reputation, and best-in-class assets will remain a core part of the combined company. In addition, Wayne Farms' deep customer relationships across the food service sector complement Sanderson Farms' diverse grocery and retail relationships.

Transaction Details

The transaction is expected to close by the end of 2021 or early 2022, and will be subject to regulatory and Sanderson Farms stockholder approval, and other customary closing conditions.

The acquisition consortium has committed equity and debt financing in place to complete the transaction.

Wayne Farms CEO Clint Rivers will lead the combined company.

Upon the completion of the transaction, Sanderson Farms will become a private company, and its shares will no longer be traded on NASDAQ.

Advisors

BofA Securities acted as the financial advisor to Cargill and Freshfields Bruckhaus Deringer (US) LLP acted as legal counsel. Gibson Dunn & Crutcher acted as tax counsel.

Centerview Partners LLC acted as financial advisor to Sanderson Farms and Wachtell, Lipton, Rosen & Katz and Fishman Haygood LLP acted as legal counsel.

Lazard acted as the financial advisor for Wayne Farms and Continental Grain, and Paul, Weiss, Rifkind, Wharton & Garrison LLP acted as legal counsel.

27.    On September 13, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

28.    The Proxy fails to disclose the line items used to calculate Sanderson Farms' financial projections.

29.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

30.    The Proxy fails to disclose material information regarding the financial analyses conducted by Centerview Partners LLC ("Centerview"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

31.    Regarding Centerview's Selected Public Company Analysis, the Proxy fails to disclose: (i) net cash; and (ii) the number of fully diluted shares of common stock outstanding.

32.    Regarding Centerview's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (ii) the terminal values; (iii) net cash; and (iv) the number of fully diluted shares of common stock outstanding.

33.    Regarding Centerview's Analyst Price Target Analysis, the Proxy fails to disclose: (i) the observed price targets; and (ii) the sources thereof of the price targets.

Centerview Engagement

34.    The Proxy fails to disclose the timing and details of the prior services Centerview

provided to Sanderson Farms and its affiliates.

## COUNT I

**Claim Against the Individual Defendants and Sanderson Farms for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

35. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

36. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

37. Sanderson Farms is liable as the issuer of these statements.

38. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

39. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

41. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

42. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

43. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-

9.

44. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

45. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

46. The Individual Defendants acted as controlling persons of Sanderson Farms within the meaning of Section 20(a) of the Exchange Act as alleged herein.

47. Due to their positions as officers and/or directors of Sanderson Farms and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

50. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

51. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

52. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

53. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

54. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  October 6, 2021                                      **GRABAR LAW OFFICE**

By: _____/s/ Joshua H. Grabar_____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

10